ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Jun-26 07:38:56
60CV-23-4124
C06D12 : 5 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## 12TH DIVISION

TEYLER. L. BATTLES                                                                                  PLAINTIFF

vs.                                          CASE NO. 60CV-23-4124

SHELTER MUTUAL INSURANCE COMPANY                                       DEFENDANT

### ANSWER TO COMPLAINT

COMES NOW Defendant Shelter Mutual Insurance Company, by and through its attorney, Matthews, Sanders & Sayes, P.A., and for its Answer to Plaintiff's Complaint, states:

1.   Admits paragraphs 1 and 2 of Plaintiff's Complaint.

2.   Denies the allegations in paragraph 3 of Plaintiff's Complaint as to jurisdiction. Admits Plaintiff originally filed this matter in June 2021, that Shelter removed the case to the United States District Court for the Eastern District of Arkansas, and that Plaintiff voluntarily dismissed this matter on February 16, 2022.

3.   Denies the allegations in paragraph 4 of Plaintiff's Complaint as to venue. Admits the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

4.   The allegations contained in paragraph 5 of Plaintiff's Complaint are not allegations of fact that require a response. To the extent necessary, those allegations are denied.

5.   Admits paragraph 6 of Plaintiff's Complaint while stating that the insurance policy was sold and issued to Cherie Battle, and that its terms, conditions, limitations, and exclusions speak for themselves.

6.   Admits an incident occurred on or about February 5, 2020. Denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.



7. Denies paragraph 8 of Plaintiff's Complaint

8. Answering paragraph 9 of Plaintiff's Complaint, states that duty is a question of law. Denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

9. Denies paragraph 10, subparagraphs a, b, c, d, e, f, g, and h of Plaintiff's Complaint.

10. Denies paragraphs 11 and 12 of Plaintiff's Complaint.

11. The allegations contained in paragraph 13 of Plaintiff's Complaint are not allegations of fact that require a response. To the extent necessary, those allegations are denied.

12. Answering paragraph 14 of Plaintiff's Complaint, affirmatively states that Shelter issued a policy containing underinsured motorist benefits to Cherie Battles and that the policy, its terms, conditions, limitations, and exclusions speak for themselves. Denies the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

13. Denies paragraphs 15, 16, and 17 of Plaintiff's Complaint.

14. Answering paragraph 15, admits Plaintiff was authorized to settle her underlying third-party claim. Denies the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

15. The allegations contained in paragraph 19 of Plaintiff's Complaint are not allegations of fact that require a response. To the extent necessary, those allegations are denied.

16. Denies paragraph 20, subparagraphs a, b, c, d, e and f of Plaintiff's Complaint.

17. Denies paragraphs 21, 22, and 23 of Plaintiff's Complaint.

18. Answering paragraph 24, acknowledges Plaintiff demands a jury trial but denies Plaintiff is entitled to a trial by jury as the issue is a matter of law to be decided by the Court, and Shelter reserves the right to assert its constitutional right to seek a jury trial in this matter.

19. The allegations contained in paragraph 25 of Plaintiff's Complaint are not allegations of fact that require a response. To the extent necessary, those allegations are denied.

20. Denies all allegations not specifically admitted herein.

21. Denies all allegations of fault, negligence, breach of duty, breach of contract, violation of any Arkansas statute or regulation, proximate cause, entitlement to statutory penalties and attorney's fees, and all other damages.

22. Denies all allegations, including those for entitlement to relief, contained in Plaintiff's "WHEREFORE" clause.

23. Affirmatively pleads all defenses available under Ark. R. Civ. P. 8(c), including, but not limited to any other matter constituting an avoidance or affirmative defense, and any other defenses as may be applicable to the facts pled in the Complaint or developed during the course of the litigation.

24. Affirmatively states that the Plaintiff's damages, if any, were not proximately caused by the conduct on the part of Shelter.

25. Affirmatively states Plaintiff has referred to certain exhibits in the Complaint but has failed to attach them. Plaintiff's Complaint should be dismissed pursuant to Arkansas Rules of Civil Procedure 10(d).

26. Affirmatively state Plaintiff's Complaint fails to state a claim upon which relief can be granted and on that basis the Complaint should be dismissed pursuant to Arkansas Rules of Civil Procedure 12(b)(6).

27. Affirmatively states that the Plaintiff cannot force Shelter to breach its own contract or violate any applicable state or Federal law or regulation that would expose Shelter to liability to others.

28. Affirmatively states that the rights and duties of the parties to an insurance policy are set forth in the terms of that policy, conditions of that policy, exclusions of that policy, and in accordance with applicable Arkansas law.

29. Shelter affirmatively states it complied with the terms of the Policy.

30. Shelter acted at all times in good faith and with good basis in handling of any claims.

31. Shelter reserves the right to conduct discovery, amend its Answer, and seek costs pursuant to Ark. R. Civ. 41 and 54.

WHEREFORE, premises considered, Defendant Shelter Mutual Insurance Company prays that the Complaint be dismissed with prejudice, for its costs, and all other proper relief to which it might be entitled.

        Respectfully submitted,

        Matthews, Sanders & Sayes, P.A.
        825 West Third Street
        Little Rock, AR 72201
        PH 501-378-0717 | FX 501-375-2924
        msayes@msslawfirm.com
        jsayes@msslawfirm.com

By: */s/ Mel Sayes*
      MEL SAYES ABN 77120
      JAMES T. SAYES ABN 2011191

## CERTIFICATE OF SERVICE

I, MEL SAYES, hereby certify that a true and correct copy of the above and foregoing pleading has been served on the parties listed below on this **26th** day of **JUNE 2023**, via arkefiling@arkansas.gov:

Mr. John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
jogles@aol.com

Mr. Gene D. Adams, Jr.
Rice, Adams & Woodruff
501 W. Main Street
Jacksonville, AR 72076
gadams@rice-adams.com

/s/ Mel Sayes
MEL SAYES