IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TEYLER L. BATTLES                                                                                  PLAINTIFF

v.                                              No. 4:23-CV-593-BRW

SHELTER MUTUAL INSURANCE COMPANY                                          DEFENDANT

## JOINT RULE 26(f) REPORT

COME NOW this 17th day of October, 2023, the parties, jointly by and through their respective attorneys hereby submit their FED. R. CIV. P. 26(f) and Local 26.1 Report to the Court as follows:

**(1) Any changes in timing, form, or requirements of mandatory disclosures under FED. R. CIV. P. (a).**

No changes are necessary.

**(2) Date when mandatory disclosures were or will be made.**

Initial Disclosures shall be made on or before October 31, 2023.

Pre-trial disclosures shall be made in accordance with FED. R. CIV. P. 26(a)(3)(B).

**(3) Subjects on which discovery may be needed.**

Discovery may be necessary on any nonprivileged matter that is relevant and proportional to the needs of the case, including but not limited to the following subjects:

- Facts and allegations surrounding the motor vehicle accident at issue, including but not limited to Defendant's liability under the insurance policy;

- The nature and extent of Plaintiffs' injuries and damages, if any.

- The cause of Plaintiffs' injuries and damages, if any.

- The reasonableness and necessity of Plaintiff's medical expenses.

- Defendant will need to develop all of the normal discovery areas in a motor vehicle accident case of this type, including but not limited to, the facts and circumstances regarding the accident, the history and maintenance records on

      the Plaintiff's vehicle, Plaintiff's pre- and post- accident medical, pharmacy, employment, workers' compensation, tax, disability, and insurance claim history, the nature and extent of the Plaintiff's alleged injuries, medical treatment, wage loss, and any other elements of damage, and all of the witnesses, lay and expert, and all exhibits for trial.

- Plaintiff will conduct discovery regarding Defendant's claim file.

**(4) Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

At this time, disclosure and production, if any, will be limited to data reasonably available to the parties in the ordinary course of business that are relevant and proportional to the needs of the case.

The parties have agreed to discuss potential issues relating to the production of electronically-stored information (ESI), including the translation of ESI into usable form, as such issues arise.

The parties represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business subject to any applicable retention rules.

At this time, the parties do not expect any problems to arise in connection with electronic or computer-based discovery in this action.

**(5) Date by which discovery should be completed.**

The parties agree that all discovery should be completed 90 days before trial.

**(6) Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

None anticipated at this time.

**(7) Any orders, e.g. protective orders, which should be entered.**

The parties agree that the entry of a protective order to protect the Defendant's business and trade secret, processes, and other confidential commercial information from discovery, may be appropriate, and Defendant will seek a protective order from the Court should the need arise.

**(8) Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

None at this time.

**(9)**     **Any objections to the proposed trial date.**

    There are no objections to the proposed trial date.

**(10)**     **Proposed deadline for joining other parties and amending the pleadings.**

    130 days before trial.

**(11)**     **Proposed deadline for completing discovery.**

    The proposed deadline for completing discovery shall be 90 days before trial.

**(12)**     **Proposed deadline for filing motions other than motions for class certification.**

    Dispositive motions shall be filed no later than thirty days after the discovery deadline. Motions in Limine shall be filed two weeks before trial or as otherwise ordered by the Court. All other motions, including any Daubert/expert opinion objections should be filed on or before 60 days before trial.

**(13)**     **Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.**

    N/A.

Respectfully submitted,

RICE, ADAMS & WOODRUFF
ATTORNEYS AT LAW
501 W. Main Street
Jacksonville, AR 72076
Ph 501-982-6556
gadams@rice-adams.com

By:   *Gene D. Adams, Jr.*
      Gene D. Adams, Jr. # 91007
      *Attorneys for Plaintiff*

OGLES LAW FIRM, P.A.
200 South Jeff Davis
P.O. Box 891
Jacksonville, Ark 72076
Ph 501.982.8339
jogles@aol.com

By:   *John Ogles*
      John Ogles #89003
      *Attorneys for Plaintiff*

Matthews, Sanders & Sayes, P.A.
825 West Third Street
Little Rock, AR 72201
PH 501-378-0717 | FX 501-375-2924
msayes@msslawfirm.com
jsayes@msslawfirm.com

By:   *James T. Sayes*
      MEL SAYES #77120
      JAMES T. SAYES #2011191
      *Attorneys for Defendant*