UNITED STATES DISTRICT COURT
EASTER DISTRICT OF ARKANSAS
CENTRAL DIVISION

TEYLER L. BATTLES                                                                                          PLAINTIFF

vs.                                        CASE NO.4:23-CV-593-BRW

SHELTER MUTUAL INSURANCE COMPANY                                           DEFENDANT

## STATEMENT OF UNDISPUTED MATERIAL FACTS
## IN SUPPORT OF SHELTER'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Shelter Mutual Insurance Company ("Shelter"), by and through its attorneys, Matthews, Sanders & Sayes, P.A., and for its Statement of Undisputed Material Facts filed in Support of its Motion for Summary Judgment, states:

1. This is a breach of contract action for $50,000.00 in Underinsured Motorist ("UIM") benefits in the form of medical expenses the Plaintiff Teyler L. Battles, incurred following a motor vehicle accident that occurred on February 5, 2020.[1]

2. At the time of the accident, the Plaintiff was riding as a passenger in a vehicle owned by Shelter's insured, Cherrie Battles, and insured by Shelter under a policy of insurance that provided UIM coverage.[2]

3. Neither the Policy nor the declarations list the Plaintiff as the named insured or as an additional insured.[3]

4. Here, the Plaintiff claims entitlement to UIM benefits as a beneficiary under said Policy.[4]

---

[1] See generally, Doc. 2.

[2] *Id*., and Ex. A.

[3] Ex. A.

[4] Doc. 2, at ¶¶ 6, 14.

5. On January 4, 2021, Shelter denied coverage of Plaintiff's claim for UIM benefits because the Plaintiff did not meet the Policy's definition of an "insured".[5]

6. Shelter specifically reserved the right to decline coverage for any other reason that came to its attention in the future.[6]

7. The relevant portions of Shelter's UIM Endorsement provides as follows:

> The following coverage is provided under this policy only if it is shown in the **Declarations**; and it is subject to all conditions, exclusions, and limitations of **our** liability, stated in this policy.
>
> INTRODUCTORY NOTE:
> This coverage provides a monetary benefit that supplements the amount paid *to an insured* when he or she sustains a covered **bodily injury**.
>
> INSURING AGREEMENT
> Subject to all conditions, exclusions, and limitations of **our** liability stated in this policy, if the **owner** or **operator** of an **underinsured motor vehicle** is legally obligated to pay damages, we will pay the **uncompensated damages**.
>
> "Uncompensated damages" is defined as "the part of **damages** that exceeds the total amount paid to the *insured* by all persons legally obligated to pay the **damages**."[7]

8. The UIM Endorsement contains the following relevant categories defining an "insured" applicable to UIM Coverage:

> AMENDED AND ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT
> As used in this coverage,…
>
> (2) **Insured** means:
>   (a) **You**; and
>   (b) **Relatives;** and
>   (c) **Individuals occupying** the **described auto** who are listed in the **Declarations** as an "additional listed insured"; if neither they, nor their

---

[5] Ex. B.

[6] *Id.*

[7] Ex. A (bold emphasis in original) (italic emphasis added).

**spouse**, **owns** a **motor vehicle**.[8]

9. The Policy also contains the following relevant definitions applicable to the UIM coverage:

"**You**" is defined in the Policy as "any **person** listed as a **named insured** in the **Declarations** and, if that **person** is an **individual**, his or her **spouse**."

"**Relative**", as defined in the Policy "means an **individual** related to **you** by blood, marriage, or adoption, who is a **resident** of **your** household… *[but] [a]n **individual** who **owns** a **motor vehicle**, or whose husband or wife **owns** a **motor vehicle**, is excluded from the definition of **relative***."

"**Own**" means "the **person** referred to holds the legally recognized title to, or is a **leaseholder** of, an item of real or personal property, even if there are other owners."[9]

10. At the time of the accident that is the subject of this lawsuit, the Plaintiff was the titled and registered owner of another vehicle required to be insured under Arkansas law.[10]

        Respectfully submitted,

        Matthews, Sanders & Sayes, P.A.
        825 West Third Street
        Little Rock, AR 72201
        PH 501-378-0717 | FX 501-375-2924
        msayes@msslawfirm.com
        jsayes@msslawfirm.com

By:  *Mel Sayes*
      MEL SAYES ABN 77120
      JAMES T. SAYES ABN 2011191

---

[8] *Id*.

[9] *Id*. (bold emphasis in original) (italic emphasis added).

[10] Exs. C and D.

**CERTIFICATE OF SERVICE**

   I, MEL SAYES, hereby certify that on this **18th** day of **MARCH, 2024**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the attorneys for the parties as follows:

| | |
|---|---|
| Mr. John Ogles | Mr. Gene D. Adams, Jr. |
| Ogles Law Firm, P.A. | Rice, Adams & Woodruff |
| 200 S. Jeff Davis | 501 W. Main Street |
| P.O. Box 891 | Jacksonville, AR 72076 |
| Jacksonville, AR 72078 | gadams@rice-adams.com |
| jogles@aol.com | |

               *Mel Sayes*
               MEL SAYES