UNITED STATES DISTRICT COURT
EASTER DISTRICT OF ARKANSAS
CENTRAL DIVISION

TEYLER L. BATTLES                                                                               PLAINTIFF

vs.                         CASE NO.4:23-CV-593-BRW

SHELTER MUTUAL INSURANCE COMPANY                  DEFENDANT

**<u>BRIEF IN SUPPORT OF SHELTER'S MOTION FOR SUMMARY JUDGMENT</u>**

### I.     INTRODUCTION

This is a breach of contract action for $50,000.00 in Underinsured Motorist ("UIM") benefits in the form of medical expenses the Plaintiff Teyler L. Battles, incurred following a motor vehicle accident that occurred on February 5, 2020.[1] At the time of the accident, the Plaintiff was riding as a passenger in a vehicle owned by Shelter's insured, Cherrie Battles, and insured by Shelter under a policy of insurance that provided UIM coverage.[2] Neither the Policy nor the declarations list the Plaintiff as the named insured or as an additional insured.[3]

It has long been the law in Arkansas that an insurer may contract *with its insured* upon whatever terms the parties may agree upon which are not contrary to statute or public policy. *Aetna Insurance Company v. Smith*, 263 Ark. 849, 853, 568 S.W.2d 11 (1978). Here, the Plaintiff claims entitlement to UIM benefits as a beneficiary under said Policy.[4] The Plaintiff, as an alleged beneficiary under the Policy, is a stranger to the Policy but is nevertheless bound by its terms, limitations, and conditions. *Johnson v. State Farm Mut. Auto. Ins. Co.*, 2017 Ark. App.

---

[1] See generally, Doc. 2.

[2] *Id.*, and Ex. A.

[3] Ex. A.

[4] Doc. 2, at ¶¶ 6, 14.

26, at 12-13, 510 S.W.3d 276, 284 (2017). On January 4, 2021, Shelter correctly denied coverage of Plaintiff's claim for UIM benefits because the Plaintiff did not meet the Policy's definition of an "insured".[5] Shelter specifically reserved the right to decline coverage for any other reason that came to its attention in the future,[6] which include the reasons set forth herein. As such, Shelter has not waived and cannot be estopped from asserting those reasons in order to enlarge, extend, or create coverage where none was intended. See *Peoples Protective Life Ins. Co. v. Smith*, 257 Ark. 76, 514 S.W.2d 400 (1974) (explicitly holding that the doctrine of waiver or estoppel cannot be invoked to extend the coverage and thereby bring into existence a contract not made by the parties); *Stokes v. Harrell,* 289 Ark. 179, 711 S.W.2d 755 (1986) (insurer has no duty to inform insured that the coverage she purchased did not conform to the coverage she believed she was getting); *Nancarrow v. Aetna Cas. & Sur. Co.*, 932 F.2d 742, 744 (8th Cir. 1991) ("estoppel or waiver based upon the conduct of the insurer cannot enlarge or extend coverage as defined in the policy or create coverage"); *J-McDaniel Constr. Co. v. Mid-Continent Cas. Co.*, 761 F.3d 916, 919 (8th Cir. 2014) (Arkansas law does not permit waiver and estoppel to broaden the scope of coverage afforded by a policy); and *Bull v. Federated Mutual Insurance Company*, 338 F.Supp.3d 958 (E.D. Ark. Sept. 7, 2018) (finding that the insurance company did not waive its right to contest coverage where it sent two reservation of rights letters).

As demonstrated herein, Shelter is entitled to Summary Judgment on the Plaintiff's UIM claim as she does not meet the policy's definition of an "insured". Therefore, the Plaintiff has no claim for breach of the policy or for damages.

---

[5] Ex. B.

[6] *Id.*

## II.     APPLICABLE STANDARDS

**A. Summary Judgment**

The standard of review for summary judgment is well established. Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds." *S. Farm Bureau Cas. Ins. Co. v. Patton*, 2015 U.S. Dist. LEXIS 8483, at *3 (E.D. Ark. Jan. 26, 2015) (citing *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56).

"The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Id*., at *3-4 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). However, even a scintilla of evidence in support of a non-movant's claim is insufficient to successfully block summary judgment because "there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, at 252. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[A] nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Cornerstone Nat'l Ins. Co. v. Rodriguez*, 2021 U.S. Dist. LEXIS 7092, at *6 (W.D. Ark. Jan. 14, 2021) (quoting *Haggenmiller v. ABM Parking Serv., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016)).

**B. Interpretation of Contracts**

In Arkansas, the legal effect of an insurance policy is a matter of law. *The Cincinnati Insurance Companies v. Collier Landholdings, LLC*, 614 F. Supp. 2d 960 (W.D. Ark. 2009) (citing *Elam v. First Unum Life Ins. Co.,* 346 Ark. 291, 297, 57 S.W.3d 165, 170 (2001)). The public policy of this State is clear in that "[e]very insurance contract shall be construed *according to the entirety of its terms and conditions as set forth in the policy* ...." Ark. Code Ann. §23-79-119(a) (emphasis added). Arkansas courts are bound by this maxim and are required to enforce the terms of the policy as written. *Neighbors v. Shelter Mut. Ins. Co.*, 2018 U.S. Dist. LEXIS 232635, at *20 (E.D. Ark. September 5, 2018) (applying Arkansas law).

Courts are also prohibited from rewriting the terms of the policy to fulfill some notion of abstract justice or moral obligation and bind an insurer to a risk that is plainly excluded and for which it has not bargained. *Id.*; *Crockett v. Shelter Mut. Ins. Co.*, 2019 Ark. 365, at 4, 589 S.W.3d 369, 371; *Johnson v. State Farm Mut. Auto. Ins. Co.*, at 12, 510 S.W.3d at 283; and *Cornerstone Nat'l Ins. Co. v. Rodriguez*, 2021 U.S. Dist. LEXIS 7092, (W.D. Ark. Jan. 14, 2021) (applying Arkansas law).

When the terms of the policy are clear and unambiguous, the policy language controls, and absent statutory strictures to the contrary, exclusionary clauses are generally enforced according to their terms. *Shelter Mut. Ins. Co. v. Lovelace*, 2020 Ark. 93 at 4, 594 S.W.3d 84, 86 (internal citation omitted). The mere fact that parties disagree as to how a policy should be interpreted does not make the policy ambiguous as a matter of law. *Clarksville Sch. Dist. v. Ace Am. Ins. Co.*, 2021 Ark. App. 308, at 5-6 (citing *Crockett*, *supra*).

Here, there are no issues to be tried because Arkansas law and the Policy do not support the Plaintiff's claims for entitlement to UIM benefits, and the Plaintiff's claims of breach of contract and damages.

### III.     ARGUMENT

Plaintiff has the burden to prove that she is an "insured" as defined by the Policy and that her damages are covered. AMI 2303; *Southern Farm Bureau Cas. Ins. Co. v. Fields*, 262 Ark. 144, 553 S.W.2d 278 (1977); *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Foote*, 341 Ark. 105, 14 S.W.3d 512, 517 (2000) (plaintiff bears the burden of demonstrating a prima facie case that the damages sought are covered under the insurance policy); *The Cincinnati Insurance Companies v. Collier Landholdings, LLC*, *supra*.; and *Reynolds v. Shelter Mut. Ins. Co.*, 313 Ark. 145, 152, 852 S.W.2d 799, 803 (1993). Shelter's liability to the Plaintiff on her claim for UIM benefits, breach of contract, and damages strictly depends upon the Plaintiff meeting the Policy's definitions of an insured. Consistent with Arkansas' UIM statute, Ark. Code Ann. § 23-89-203, and the clear and unambiguous terms of policy of insurance in effect at the time of the accident, Shelter agreed to pay damages for bodily injuries that an "insured" is legally entitled to recover from the owner or operator of an underinsured motor vehicle.[7] As demonstrated by the Policy's terms, limitations, and conditions, the public policy of Arkansas, and the case law interpreting the very Policy and bold-faced terms at issue here, the Plaintiff does not qualify as an "insured" under the UIM endorsement.

---

[7] Ex. A.

The relevant portions of Shelter's UIM Endorsement provides as follows:

"The following coverage is provided under this policy only if it is shown in the **Declarations**; and it is subject to all conditions, exclusions, and limitations of **our** liability, stated in this policy.

INTRODUCTORY NOTE:
This coverage provides a monetary benefit that supplements the amount paid *to an insured* when he or she sustains a covered **bodily injury**.

INSURING AGREEMENT
Subject to all conditions, exclusions, and limitations of **our** liability stated in this policy, if the **owner** or **operator** of an **underinsured motor vehicle** is legally obligated to pay damages, we will pay the **uncompensated damages**.

"Uncompensated damages" is defined as "the part of **damages** that exceeds the total amount paid to the *insured* by all persons legally obligated to pay the **damages.**" [8]

The UIM Endorsement contains the following relevant categories defining an "insured" applicable to UIM Coverage:

AMENDED AND ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT
As used in this coverage,…

(2) **Insured** means:
    (a) **You**; and
    (b) **Relatives;** and
    (c) **Individuals occupying** the **described auto** who are listed in the **Declarations** as an "additional listed insured"; if neither they, nor their **spouse**, **owns** a **motor vehicle**.[9]

The Policy also contains the following relevant definitions applicable to the UIM coverage:

"**You**" is defined in the Policy as "any **person** listed as a **named insured** in the **Declarations** and, if that **person** is an **individual**, his or her **spouse**."

---

[8] *Id*. (bold emphasis in original) (italic emphasis added).

[9] *Id*.

> "**Relative**", as defined in the Policy "means an **individual** related to **you** by blood, marriage, or adoption, who is a **resident** of **your** household… *[but] [a]n **individual** who **owns** a **motor vehicle**, or whose husband or wife **owns** a **motor vehicle**, is excluded from the definition of **relative**.*"

> "**Own**" means "the **person** referred to holds the legally recognized title to, or is a **leaseholder** of, an item of real or personal property, even if there are other owners."[10]

It is undisputed that the Plaintiff is not listed on the Declarations page as a named insured nor is she identified as an additional listed insured.[11] Furthermore, the Plaintiff was the titled and registered owner of another vehicle required to be insured under Arkansas law at the time of the accident that is the subject of this lawsuit.[12] In this case, the Plaintiff owned a 2005 Ford 500 Limited.[13] It was titled and registered in her name.[14] According to the Arkansas Department of Finance and Administration Office of Motor Vehicle's certified records, as well as other reputable ownership database services, the Plaintiff was the last titled and registered owner of this vehicle.[15] Because the Plaintiff owned a motor vehicle, she does not meet the Policy's definition of an "insured relative" and, therefore, there is no UIM coverage for this accident or her damages under the Policy.

Based on the foregoing undisputed material facts, Shelter is entitled to Summary Judgment as the Plaintiff is not an insured as clearly defined by the Policy and is not entitled to UIM coverage or benefits and her Complaint against Shelter must be dismissed with prejudice.

---

[10] *Id.* (bold emphasis in original) (italic emphasis added).

[11] *Id.*

[12] Exs. C and D.

[13] *Id.*

[14] *Id.*

[15] *Id.*

## IV.     CONCLUSION

The ordinary and accepted definition of an "insured" is whether that person fits within the context in which he or she is defined in the policy. See *Insured*, *Black's Law Dictionary* (10th ed. 2014) ("Someone who is covered or protected by an insurance policy"); *The American Heritage Dictionary of the English Language* 911 (5th ed. 2011) ("One who has or is covered by an insurance policy"); *Webster's Third New International Dictionary* 1173 (2002) ("a person whose life, physical well-being, or property is the subject of insurance: the owner of a policy of insurance: policyholder"); *3 Couch, Insurance* § 40:3 (3d ed. 2014) (defining "insured" as one who is either "named within the policy or … *identified by description*") (emphasis added).

The General Assembly has defined an "insured" for insurance purposes. See Ark. Code Ann. §4-88-902 (2) ("Insured" means the person whose name appears on the face of the property and casualty insurance policy); and Ark. Code Ann. § 12-13-302 ("Named insured" means the person whose name appears on the face of the policy as the insured individual). In so doing, the General Assembly also stated that "[e]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy." Ark. Code Ann. §23-79-119(a). The Arkansas Supreme Court has long held that the Arkansas Legislature did not intend "in any way to alter or affect the validity of any policy provisions, exclusions, exceptions, or limitations contained in a motor vehicle insurance policy required by this chapter." *S. Farm Bureau Cas. Ins. Co. v. Easter*, 374 Ark. 238, 243, 287 S.W.3d 537, 541 (2008). "Indeed, § 27-22-101(a) expressly states that *any* exclusions, exceptions, or limitations are permitted." *Id.*, at 245, 287 S.W.3d at 542 (emphasis in original).

Arkansas' UIM statute provides that "coverage shall enable *the insured*… to recover from the insurer the amount of damages for bodily injuries to or death of *an insured* which *the insured* is legally entitled to recover from the owner or operator of another motor vehicle whenever the liability insurance limits of the other owner or operator are less than the amount of the damages incurred by *the insured*." Ark. Code. Ann. § 23-89-209(a)(3) (emphasis added). As noted in the text of the statute, Arkansas courts have held that the General Assembly did "not broadly specify any class of persons for coverage other than "*the insured*."" See *Foster v. Farm Bureau Mut. Ins. Co.*, 71 Ark. App. 132, 136, 27 S.W.3d 464 (2000) (discussing an alleged extension of the definition of who was an insured under an insurance policy). The term "insured" in the UIM statute has been held to clearly mean "the purchaser of insurance coverage," and that any other interpretation would "create a benefit *for a passenger* who was not a party to the creation of the insurance policy *and not contemplated by the statute*." *Nash v. Am. Nat'l Prop. & Cas. Co.*, 98 Ark. App. 258, 263, 254 S.W.3d 758, 761-62 (2007) (citing *Foster*, *supra*) (emphasis added); see also, *Gardner v. Baker*, No. CA 85-295, 1986 Ark. App. LEXIS 1965, at *4 (Ct. App. Feb. 5, 1986) (The term "insured" acquires its specific meaning from the particular context in which it is found [in the policy]"); and *9 G. Couch, Cyclopedia of Insurance Law* § 39:3; R. Keeton, Insurance Law § 5.1(a) (the insurance policy defines the scope of risk assumed by the insurer from the insured)..

A well-recognized maxim in Arkansas is that an insurer is not required to insure against all kinds of risk. *S. Farm Bureau Cas. Ins. Co. v. Easter*, 374 Ark. 238, 244-45, 287 S.W.3d 537, 541-42 (2008) (citing and Ark. Code Ann. §27-22-101(a)). In the same vein, an insurer is not required to insure against risks that it is unaware of and for which it is unable to charge a

premium. See, e.g., *Chamberlin v. State Farm Mut. Auto. Ins. Co.*, 343 Ark. 392, 398, 36 S.W.3d 281, 284 (2001). Likewise, an equally well-settled principle in Arkansas is that a contract for insurance cannot be rewritten to bind the insurer to a risk that was not paid or bargained for. *Konecny v. Federated Rural Elec. Ins. Exch.*, 2019 Ark. App. 452, at 5, 588 S.W.3d 349, 352 (2019); *Johnson v. State Farm Mut. Auto. Ins. Co.*, at 11 (internal citation omitted). Courts are not authorized to make contracts or vary the terms of the existing contract to meet and fulfill some notion of abstract justice or some moral obligation. *Johnson v. State Farm Mut. Auto. Ins. Co.*, at 12, n. 33 (citing cases). Insurance policies must be read as a whole and "not merely on disjointed or particular parts of it." *Continental Cas. Co. v. Davidson*, 250 Ark. 35, 41, 463 S.W.2d 652, 655 (1971) (internal quotation omitted). The policy "must be viewed from beginning to end, and all its terms must pass in review, for one clause may modify, limit, or illuminate the other." *Id.* With these rules of construction in mind, when words and phrases are defined in the policy, "the court is bound by the policy definition." *Nationwide Mut. Ins. Co. v. Worthey*, 314 Ark. 185, 190, 861 S.W.2d 307, 310 (1993). These maxims have long been held true when facts of a claim are material to determine whether coverage for a claim exists or not. See *Teutonia Ins. Co. v. Johnson*, 72 Ark. 484, 490, 82 S.W. 840, 842 (1903) ("courts cannot make contracts between parties, nor can the courts at all times determine what is material and what is not. These things are left to the parties to determine for themselves, as a general rule").

It is clear that Shelter intended to exclude from the Policy's definition of "relative" anyone who owns a motor vehicle. As a practical matter, this means that a relative by ordinary definition who owns another vehicle must be named as an insured or an additional insured to be covered by under the Policy. Arkansas courts have consistently held that there is nothing

ambiguous about defining a term in an insurance policy and, in doing so, limiting its scope. *Humphries v. Nationwide Mut. Ins. Co.*, 97 Ark. App. 125, 128, 245 S.W.3d 156, 159 (2006) (relying on *Pardon v. Southern Farm Bureau Casualty Insurance Co.,* 315 Ark. 537, 868 S.W.2d 468 (1994) (upholding term in policy limiting scope of coverage by policy's definition)); *Farm Bureau Mut. Ins. Co. of Ark. v. Hopkins*, 2018 Ark. App. 174, at 10, 545 S.W.3d 257, 263 (finding no ambiguity in policy's definition limiting scope of coverage). Here, Shelter specifically defined the term "relative" in the Policy and specifically limited its scope of coverage by removing from the definition those individuals who own motor vehicles. Because "to allow the resident relative to own an automobile, fail to insure it, and then piggy-back on the [] coverage of the relative they live with allows that resident relative to cheat on this State's clearly established policy of financial responsibility for motor vehicle owners." *Owners Ins. Co. v. Allstate Fire & Cas. Ins. Co.*, 311 So. 3d 947, 952, 2020 Fla. App. LEXIS 8713, *12, *14 (Villanti, J. concurring op.) (agreeing that UM coverage did not extend to a resident relative who owns an automobile "because…that resident relative should have an automobile insurance policy on his or her own automobile that should provide UM coverage to that resident relative as the owner of the automobile").

Any other interpretation of the policy and Arkansas law would force Shelter and other insurers to provide coverage to a person who it did not bargain for, receive a premium from, and with whom it had not contracted. In other words, to deny Shelter's Motion and find that the Plaintiff meets the Policy's definitions of an "insured" for purposes of determining coverage for her UIM claim would be to rewrite the policy and bind Shelter to a risk that was not contemplated nor bargained for when Shelter issued the policy, which did not include the

Plaintiff as a named insured or additional insured. Because the Plaintiff does not meet the Policy's categorical definitions of an "insured", there is no coverage under the Policy for her UIM claim. Therefore, her breach of contract claim for UIM benefits and damages must be dismissed and summary judgment in favor of Shelter must be granted.

WHEREFORE, premises considered, Defendant Shelter Mutual Insurance Company prays the Court grant its Motion for Summary Judgment and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

Matthews, Sanders & Sayes, P.A.
825 West Third Street
Little Rock, AR 72201
PH 501-378-0717 | FX 501-375-2924
msayes@msslawfirm.com
jsayes@msslawfirm.com

By: *Mel Sayes*
MEL SAYES ABN 77120
JAMES T. SAYES ABN 2011191

## CERTIFICATE OF SERVICE

I, MEL SAYES, hereby certify that on this **18th** day of **MARCH, 2024**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the attorneys for the parties as follows:

Mr. John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
jogles@aol.com

Mr. Gene D. Adams, Jr.
Rice, Adams & Woodruff
501 W. Main Street
Jacksonville, AR 72076
gadams@rice-adams.com

*Mel Sayes*
MEL SAYES