IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TEYLER L. BATTLES**                                                                           **PLAINTIFF**

VS.                                  **4:23-CV-00593-BRW**

**SHELTER MUTUAL INSURANCE COMPANY**                        **DEFENDANT**

**ORDER**

Pending is Defendant's Motion for Summary Judgment (Doc. No. 24). Plaintiff has responded and Defendant has replied.[1] For the reasons set out below, Defendant's Motion is GRANTED.

**I.   BACKGROUND[2]**

Plaintiff was a passenger in a motor vehicle accident on February 5, 2020. The vehicle was owned by Plaintiff's mother, Cherrie Battles, and insured by Defendant. Because the owner of the other vehicle was underinsured, Plaintiff sought to recover underinsured motorist benefits under her mother's policy. Defendant denied the request and Plaintiff filed this case.

**II.   SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

---

[1] Doc. Nos. 29, 33

[2] Unless otherwise noted, all undisputed material facts are from Doc. Nos. 55, 66, and 76.

[3] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

1

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[5] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6] A court must view the facts in the light most favorable to the party opposing the motion.[7] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

### III. DISCUSSION

This case hinges on whether Plaintiff is an insured person under the terms of the policy. The policy sets out the following:

> Insured means:
> (a) **You**;
> (b) **Relatives**; and

---

[5] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6] *Id.* at 728.

[7] *Id.* at 727-28.

[8] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9] *Anderson*, 477 U.S. at 248.

    (c)    **Individuals occupying** the **described auto** who are listed in the **Declaration** as an "additional listed insured"; if neither they, nor their **spouse, owns** a **motor vehicle**.[10]

Plaintiff is not "you" because she is not the name insured or the spouse of the name insured. Plaintiff's mother, Cherrie Battles, is the name insured. Nor is Plaintiff an additional insured under the policy.

Plaintiff is not a relative either. Relative is defined as an "**individual** related to you by blood, marriage, or adoption, who is a resident of **your** household."[11]  However, "[a]n **individual** who **owns** a **motor vehicle** or whose husband of wife **owns** a **motor vehicle** is excluded from the definition of **relative**."  It is undisputed that, Plaintiff owned a vehicle at the time of the accident.

Plaintiff also is not an "individual occupying" the vehicle, under the terms of the policy, because, again, she owned a motor vehicle at the time of the accident.

Ignoring these clear terms, Plaintiff merely argues, in conclusory fashion, that she is covered under the policy, or, at the very least, the policy is ambiguous.  This argument is both factually and legally meritless.  Plaintiff is not an "insured" person under the policy.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED this 18th day of April, 2024.

                                       Billy Roy Wilson  
                                       UNITED STATES DISTRICT JUDGE

---

[10] Doc. No. 24-1 at 24 of 35 (emphasis in original).

[11] *Id.* at 7 of 35.